**Bob BRUEGGEMEYER, Plaintiff,**

v.

**Steve KRUT, Defendant.**

**Civ. A. Nos. CA3–84–1756–D, CA3–83–1819–D.**

United States District Court, N.D. Texas, Dallas Division.

April 25, 1988.

Joseph G. Chumlea and Mark S. McQuality of Phalen, Chumlea & McQuality, Dallas, Tex., for plaintiff, Bob Brueggemeyer.

Eugene W. Brees, II and Madeleine B. Johnson of Thompson & Knight, Dallas, Tex., for defendant, Steve Krut.

## MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

In this companion case to *Brueggemeyer v. American Broadcasting Companies, Inc.*, 684 F.Supp. 452 (N.D.Tex.1988), plaintiff, Bob Brueggemeyer ("Brueggemeyer"), contends that defendant, Steve Krut ("Krut"), libeled and slandered him, and committed the tort of false-light invasion of privacy, by making false and defamatory statements about plaintiff during an October 13, 1983 broadcast of the network television show 20/20. Krut is the Executive Director of The American Association of Meat Processors ("AAMP"), a non-profit industry organization, and was interviewed during the broadcast. Krut moves for summary judgment on the grounds[1] presented by the defendants in *American Broadcasting Companies*, and on the additional ground that his statements constitute non-actionable opinions or privileged fair comment.

### I.

For the reasons set forth in *American Broadcasting Companies*, 684 F.Supp. at 456–58, the court holds that Brueggemeyer

---

1. Krut's motion for summary judgment does not specify "lack of actual malice" as a ground for granting the motion, although Krut's brief, filed at the same time, clearly does. In plaintiff's response to the motion, however, he recognizes that Krut "adds a fifth ground [lack of actual malice] in his brief," and plaintiff undertakes in his response to "deal with ... whether Krut acted with actual malice." The court concludes, under the circumstances presented and in the absence of an objection by plaintiff, that the lack of actual malice ground is fairly raised by Krut and is properly before the court.

is a limited purpose public figure for the purpose of prosecuting this libel[2] action against Krut. The dispositive question is whether plaintiff has adduced sufficient evidence from which a jury could find by clear and convincing evidence that Krut acted with actual malice.[3]

Plaintiff contends that Krut made three statements during the broadcast that were defamatory: first, "At any given time there may be as many as 50 of his operations operating throughout the country;" second, Brueggemeyer used multiple names because "It's to disguise and confound the prosecuting authorities. They go on a paperwork chase that will consume a couple of months before they find out really who's behind the operation;" and third, "this fraud, this racket goes on year after year, almost 20–some years now."

Krut does not, in terms, deny in his affidavit that he acted with actual malice. In substance, however, it is plain that he refutes this allegation. He states that he is Executive Director of the AAMP, and has been since 1981, and explains the purpose and brief background of the organization. He recounts that current problems and practices within the bulk meat industry are an issue of public controversy and states that the AAMP has become involved in attempting to expose and eliminate fraud and deceptive trade practices from the industry, which is a matter of great public concern in view of the fact that the industry involves consumer products for human consumption. According to Krut, in an effort to eliminate such practices he has testified before state and federal regulatory agencies and has testified before the

Congress on "bait-and-switch" tactics. He is frequently contacted by the media and is considered an industry spokesman. When ABC asked to interview Krut for the 20/20 program, Krut viewed this as an opportunity to inform the public on problems of deceptive trade practices in the bulk meat industry. His comments were directed to the industry as a whole, including the plaintiff. Krut did not personally know plaintiff prior to the 20/20 broadcast although Krut was aware of Brueggemeyer through information Krut had reviewed concerning plaintiff and his bulk meat operations. The AAMP has gathered information on plaintiff and other industry operators from state and federal prosecutors, bulk meat consumers, Better Business Bureaus, and the media. Krut was aware that plaintiff was the subject of investigations and prosecution in more than one state.

Because Krut has effectively denied that he acted with actual malice, the burden is placed upon plaintiff to demonstrate the existence in the summary judgment record of evidence from which a reasonable jury could find actual malice from clear and convincing evidence. As discussed in *American Broadcasting Companies,* 684 F.Supp. at 454, actual malice means knowledge that the publication was false or a high degree of awareness of probable falsity or entertaining serious doubts as to the truth of the publication.

Brueggemeyer contends he meets this standard by comparing Krut's broadcast statements with his deposition testimony. Plaintiff contends Krut has shown gross indifference or bad faith toward Brueggemeyer's rights "and even his knowledge

**2.** As the court explains in *American Broadcasting Companies,* 684 F.Supp. at 454 n. 5, the court treats plaintiff's action as one for libel rather than slander. The court explicitly refers to plaintiff's libel claim because the reasoning that applies in deciding the libel question pertains to the false-light invasion of privacy claim as well.

**3.** Relying principally upon *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.,* 472 U.S. 749, 105 S.Ct. 2939, 86 L.Ed.2d 593 (1985) (plurality opinion), Brueggemeyer contends in his response that Krut is not entitled to the same protection as are the defendants in *American*

*Broadcasting Companies* because Krut is not a media defendant. The court disagrees with plaintiff's reading of *Dun & Bradstreet.* There, the Court distinguishes between false and defamatory statements that "do not involve matters of public concern" and those that do. Because this court is to focus upon the nature of the speech, not of the speaker, and because the court has already concluded in *American Broadcasting Companies* that the 20/20 broadcast was germane to a public controversy, 684 F.Supp. at 458–59, Krut is entitled to the same First Amendment protections as are the media defendants.

of falsity under the 'actual malice' test," because, in Krut's deposition, Krut contends his statements were directed to the bulk beef industry rather than to plaintiff alone, and an analysis of Krut's 20/20 statements shows otherwise. Plaintiff sets forth certain portions of the 20/20 transcript and contends they are directed at Brueggemeyer because ABC's questions specifically inquired about Brueggemeyer.

■ The court first rejects plaintiff's reliance upon the wrong legal standard. Actual malice cannot be shown by demonstrating only "ill will." *See Garrison v. Louisiana,* 379 U.S. 64, 79, 85 S.Ct. 209, 218, 13 L.Ed.2d 125 (1964). The court concludes that "bad faith" is likewise alone insufficient. *See Dun & Bradstreet,* 472 U.S. at 754–55, 105 S.Ct. at 2943 ("bad faith" jury instruction permits jury to award damages on lesser standard than actual malice). Similarly, a showing of "gross indifference" is inadequate. "Gross indifference" is conceptually closer to "gross negligence," which alone is not enough, *Zerangue v. TSP Newspapers, Inc.,* 814 F.2d 1066, 1070 (5th Cir.1987), or to "reckless disregard of the (statement's) possible consequences," which is also lacking, *Dun & Bradstreet,* 472 U.S. at 755, 105 S.Ct. at 2943, than to the more stringent showing of awareness of probable falsity or entertaining serious doubts as to the truth of one's publication.

■ The court next concludes that plaintiff has not pointed to summary judgment evidence that would permit the jury to find actual malice by clear and convincing evidence. Even if true, the fact that Krut testified on deposition that his statements were directed at the bulk meat industry as a whole, including Brueggemeyer, when his statements were in fact directed at Brueggemeyer, is not alone sufficient to permit the jury to find, by clear and convincing evidence, that, at the time of the broadcast, the defendant knew a statement to be false, or possessed a high degree of awareness of probable falsity, or entertained serious doubts as to the truth of what he said. The court does not exclude the possibility that, in the proper case, a libel defendant's contradictory or inconsistent deposition testimony may be adequate to support a reasonable jury verdict. The inconsistency relied upon in the present case, however, is insufficient as a matter of law.

## II.

Krut's summary judgment motion is granted. The court has today entered a judgment dismissing plaintiff's claim with prejudice.

SO ORDERED.